Morehouse v. McLaughlin, et al.     CV-97-483-M     05/28/99
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Patrick Morehouse,
       Petitioner

v.                                               Civil No. 97-483-M

Philip T. McLaughlin,
Attorney General;
Michael J. Cunningham, Warden
New Hampshire State Prison,
       Respondents

**O R D E R**

Petitioner Patrick Morehouse's pro se petition for habeas corpus (28 U.S.C. § 2254), argues that his conviction of aggravated felonious sexual assault violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Respondents move for summary judgment.

On July 23, 1992, petitioner was convicted of two counts of aggravated felonious sexual assault and acquitted of one count of kidnaping.  He was sentenced to two seven and one half to fifteen year sentences, the second consecutive to the first and the first consecutive to a sentence the petitioner was already serving for an unrelated crime.  Petitioner appealed his conviction to the New Hampshire Supreme Court, arguing that the indictments were defective.  The New Hampshire Supreme Court affirmed on the ground that having failed to object to defects in the indictments at trial, petitioner had not preserved the issue for appeal.

On May 6, 1996, petitioner filed a federal habeas petition, arguing that his sentences violated double jeopardy principles,

that the indictments had been duplicative, and that the trial court failed to properly instruct the jury as to all elements of the charged offenses. The petition was dismissed for failure to exhaust state remedies. Petitioner then filed an unsuccessful state habeas corpus petition, alleging, among other things, ineffective assistance of counsel at trial, and during post trial and appellate proceedings. The New Hampshire Supreme Court summarily affirmed the trial court's denial of habeas relief.

On September 26, 1997, petitioner filed the instant petition for writ of habeas corpus with this court advancing seven grounds for relief. Respondents move for summary judgment arguing that there is no genuine issue of material fact in dispute and that they are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56. Respondents first argue that the instant habeas petition was not timely filed.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244(d)(1) provides, in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C.A. § 2244(d)(1) (West Supp. 1998). Petitioner's direct appeal to the New Hampshire Supreme Court was decided on February 8, 1995. Because the AEDPA did not become effective until April 24, 1996, however, Respondent assumes the one-year limitation

2

period did not begin to run until that date.  See Calderon v. United States District Court for the Central District of California, 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 118 S.Ct. 899 (1998), overruled on other grounds, Calderon v. United States District Court for the Central District of California, 163 F.3d 530 (9th Cir. 1998).  Arguing that the limitation period ran on April 24, 1997, respondent contends that the petition filed on September 24, 1997 was untimely.

Section 2244(d)(2), however, provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner filed his state habeas petition on May 8, 1996.  The New Hampshire Supreme Court ruled on petitioner's appeal from his state habeas decision on February 6, 1997.  Subtracting the nine months petitioner's state habeas petition was pending from the seventeen months between the effective date of the AEDPA and the filing of petitioner's habeas petition in this court, leaves eight months in which the limitations period ran.  The petition was timely filed.

Respondents also challenge each ground for relief raised in the petition.  The court will address each in turn.  First, petitioner argues that he received constitutionally ineffective assistance from his trial attorney, Mark Sullivan.  Specifically, petitioner argues that Attorney Sullivan failed to inform him of

the state's intention to seek an enhanced sentence or to timely object to the state's motion therefor; failed to object to the state's motion to take a blood sample and coerced petitioner to stipulate that he had had intercourse with the victim the night of the alleged assault; failed to investigate or to interview other witnesses; failed to object to the jury instruction on the elements of aggravated felonious sexual assault or to move to dismiss the allegedly defective indictments; failed to move to dismiss the charges on speedy trial grounds; and failed to object to the sentence on double jeopardy grounds.

Petitioner raised each of these grounds in his state habeas petition. The state superior court held that petitioner had "procedurally waived the issue of ineffective assistance of counsel for collateral review because he knew of the issue and had the opportunity to raise it on appeal." (Appendix G to Respondents' Answer.) See Avery v. Cunningham, Warden, 131 N.H. 138, 143 (1988). The New Hampshire Supreme Court summarily affirmed that decision. Respondents argue that this determination constitutes an independent and adequate state law ground for the denial of petitioner's ineffective assistance claim that also bars federal habeas review.

In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation

4

of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Petitioner's procedural default in failing to raise his ineffective assistance of counsel claim on direct review of his conviction is an independent and adequate sat ground for denying relief. Although the state habeas court did go on to consider - and reject- the merits of petitioners' ineffective assistance claims, it clearly found the waiver of those claims a sufficient basis to support its decision. See Harris v. Reed, Warden, 489 U.S. 255, 264 n.10 (noting that "the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

Petitioner has shown neither cause and prejudice in relation to his state procedural default, nor that failure to address his claims here will result in a fundamental miscarriage of justice. The only cause advanced by petitioner is the incompetence or ineffectiveness of his post-trial and appellate attorneys. However, so long as petitioner's attorneys were not constitutionally ineffective, even their "'error that results in a procedural default'" does not constitute cause. See Coleman, 501 U.S. at 752 (quoting Murray v. Carrier, 477 U.S. 478 (1986)).

Plaintiff's counsel were not constitutionally ineffective. The standards for constitutional ineffectiveness were set out by

5

the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

As failure to make either showing defeats a claim of ineffective assistance, counsel's performance need not be examined if prejudice has not been shown. <u>See</u> <u>id</u>. at 697. Such is the case here. Petitioner's defense was not prejudiced by counsels' post-trial failure to raise a claim of ineffective trial counsel because that claim would have been meritless.

Petitioner's claims of ineffective trial counsel all fail for lack of prejudice. Petitioner first claims that his trial attorney was ineffective for failing to timely object to or to inform him of the state's intention to seek an enhanced sentence. However, as the state eventually decided not to seek an enhanced sentence, petitioner could not have been prejudiced by his counsel's actions.

Petitioner also claims that his trial counsel was ineffective for failing to object to the state's motion to take a blood sample and for coercing petitioner to stipulate to having had intercourse with the victim. Again, petitioner cannot show prejudice. The state had forensic evidence which it could compare with a blood sample from the petitioner to prove that he

6

had intercourse with the victim, and the state presumably could have lawfully obtained a blood sample over petitioner's objection. Schmerber v. California, 384 U.S. 757 (1966); cf. State v. Doe, 115 N.H. 682 (1975) (blood samples and other evidence properly taken pursuant to warrant supported by probable cause).

Petitioner's next ineffectiveness claim asserts that trial counsel failed to interview the victim's son and another witness. Nothing in the record indicates that information from or testimony by either of these witnesses would have added anything to petitioner's defense.

Petitioner also argues that trial counsel was constitutionally ineffective in failing to object to a jury instruction on the elements of aggravated felonious sexual assault and for failing to move to dismiss indictments that petitioner argues were duplicative. Each of these claims fails for lack of prejudice. Petitioner brought his claims of erroneous jury instruction and duplicative indictments to the trial court's attention in post-trial motions. The trial court rejected each claim on its merits. As the trial court presumably would have reached the same conclusions had the claims been raised pre-trial, petitioner was not prejudiced by counsel's alleged errors.

Petitioner also contends that trial counsel was ineffective in failing to move to dismiss the indictments on speedy trial grounds. Again, petitioner was not prejudiced because such a

7

motion, if made, would not have succeeded, and does not succeed now.  The Supreme Court has identified four factors to be considered in determining whether speedy trial rights have been violated: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  Barker v. Wingo, Warden, 407 U.S. 514, 530 (1972).

The first factor, the length of the delay, is "to some extent a triggering mechanism," for some "presumptively prejudicial" delay must have transpired before inquiry into the other factors becomes necessary.  Id.  The First Circuit has found guidance on this issue in the Supreme Court's observation that "'the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year.'" United States v. Santiago-Becerril, 130 F.3d 11 (1997) (quoting Doggett v. United States, 505 U.S. 647, 652 n.1 (1992)).  It appears that petitioner was arrested on or about June 24, 1991 and indicted on the aggravated felonious sexual assault charges on July 9, 1991.  Trial commenced slightly over a year later on July 20, 1992.  Thus, the delay would be treated as presumptively prejudicial and further Barker inquiry would be undertaken.  See id.

Having triggered further Barker analysis, the length of the delay is itself a factor in that analysis.  See id. at 22.  "Once an examination of the Sixth Amendment claim is triggered, the weight given in the analysis to the length of the delay depends upon the extent to which the delay exceeds the bare minimum

8

considered presumptively prejudicial." Id. The delay here of barely over a year does not significantly weigh in petitioner's favor. See id.

The second factor is the reason for the delay. The state obtained one continuance, for the purpose of completing forensic blood testing and DNA matching. That delay was "justified by 'a valid reason.'" Id. at 22 (quoting Barker, 407 U.S. at 531).

The third factor is the defendant's assertion of his speedy trial right. Although petitioner's counsel never asserted his speedy trial right, and in fact did not object to the state's motion for a continuance, the record indicates that petitioner did raise speedy trial concerns with trial counsel. However, that factor is outweighed by the other factors.

The fourth factor, prejudice to the defendant, weighs decidedly against petitioner. The interests protected by this factor are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. Petitioner asserts as prejudice his "languish[ing] in prison for over one year." (Pet. at 6). However, it appears that petitioner was incarcerated on an unrelated parole violation and thus would have been "languishing" in prison in any event. Petitioner has not identified any unusual anxiety or concern caused by the delay associated with the charges at issue here, nor has he shown that the delay

9

diminished his ability to obtain testimony or otherwise present a defense.  See Santiago-Becerril, 48 F.3d at 23.

Balancing all of the Barker factors, it is apparent that petitioner's right to a speedy trial was not violated, and so he has not been prejudiced by counsel's failure to raise the issue, and cannot support a claim for habeas relief on that ground.

Petitioner's final ineffective assistance claim against his trial counsel is that counsel failed to object to petitioner's sentence on double jeopardy grounds.  This argument also fails for lack of prejudice because the underlying claim is meritless. Petitioner argues that his sentence violates double jeopardy principles because he was sentenced twice for the same crime - the rape of Victoria Muir.  However, petitioner was indicted for, convicted of, and sentenced for two different rapes of the same victim - one occurring in the victim's kitchen, and the other in the victim's living room.[1]  Petitioner's sentence does not violate double jeopardy principles.  His trial counsel was therefore not ineffective in failing to raise that objection.

The next two grounds for relief in the petition for writ of habeas corpus are (1) that post-trial counsel provided

---

[1]The court rejects the petitioner's contention that because both indictments refer to the petitioner pushing the victim onto the kitchen floor that only one rape occurred.  As the trial court found in its order on defendant's post-trial motions, the reference in the indictment to pushing the victim onto the kitchen floor was an indication of how the petitioner threatened to use physical force in order to coerce the victim to engage in sexual intercourse.  Through such threat of using physical force, the petitioner coerced the victim to engage in sexual intercourse twice - once in the kitchen and once in the living room.

10

ineffective assistance in failing to raise in post-trial motions the ineffective assistance of trial counsel and denial of speedy trial claims, and (2) that appellate counsel provided ineffective assistance in failing to seek a stay of the direct appeal until the issues of ineffective assistance, the allegedly erroneous jury instruction on the elements of aggravated felonious sexual assault, and the allegedly duplicative indictments could be ruled on below and preserved for appellate review. These claims fail for lack of prejudice because, as discussed above, the underlying claims are without merit.

Petitioner's fourth ground for relief is that he was denied due process because he was not provided a full and fair hearing on his state habeas petition. First Circuit precedent permits petitioner to challenge state habeas procedures in a federal habeas case. See Dickerson v. Walsh, 750 F.2d 150, 154 (1984). In addition, while some of the arguments petitioner raises in connection with this claim were not presented to the New Hampshire Supreme Court on the appeal of petitioner's state habeas case, the court will address them. See 28 U.S.C.A. § 2254(b)(2)(West Supp. 1998).

Petitioner argues that the state habeas court denied him due process in (1) failing to appoint counsel; (2) failing to call attorneys Sullivan, Loring, Jeffco,[2] and Duggan as witnesses; (3)

---

[2]Attorney Sullivan served as trial counsel; Attorney Loring as post-trial counsel; and Attorney Duggan as appellate counsel. Attorney Stephen Jeffco argued the post-trial motions in place of Attorney Loring.

11

dismissing over petitioner's objection the state attorney general as a respondent; (4) failing to analyze his speedy trial claim and failing to address his claims of ineffective assistance, double jeopardy, duplicative indictments, and erroneous jury instructions; (5) denying him further fact-finding procedures and (6) refusing to order a habeas transcript.[3]  Addressing petitioner's arguments in order, the state habeas court did not deny him due process in failing to appoint an attorney because he has no federal "constitutional right to appointed counsel in state postconviction proceedings."  Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).  Nor did the court deny him due process in failing to call Attorneys Sullivan, Loring, Jeffco and Duggan as witnesses.  The record indicates that petitioner made no attempt to call these witnesses in the state habeas proceeding, but apparently assumed that the state attorney general had the burden of doing so.  (Tr. of state habeas hearing at 5.)  Petitioner has not shown that due process required the court or the attorney general to call witnesses on his behalf.

Petitioner next argues that the state habeas court denied him due process by dismissing the state attorney general as a respondent.  Petitioner has not, however, demonstrated how the court's determination of the proper respondent under a state

_____

[3]It is not clear whether by "habeas transcript" petitioner means a trial transcript provided for his use in the state habeas case or a transcript of his state habeas proceedings; he appears to have requested both.  The distinction does not matter, however, to the court's analysis.

12

habeas action could possibly violate his federal due process rights.

Petitioner argues that the state habeas court also denied him due process by failing to analyze his speedy trial claim and by failing to address his claims of ineffective assistance, double jeopardy, duplicative indictments and erroneous jury instructions. However, in the course of deciding whether petitioner's counsel was ineffective, the state court did analyze his speedy trial claim, and rejected it. The state court also addressed, and rejected on the merits, petitioner's claims of ineffective assistance of counsel. The state court did not address the issues of double jeopardy, or duplicative indictments. (Actually, it is not even clear that petitioner presented those issues to the state habeas court separately from his ineffective assistance claims.) But, those claims were addressed on the merits by the trial court on petitioner's motions to set aside the jury verdict and for new trial and for judgment notwithstanding the verdict. Thus, petitioner was not denied consideration of those claims. This court cannot say that petitioner has been denied due process. Cf. Smith v. Angelone, 111 F.3d 1126, 1133 n.4 (4th Cir.), cert. denied, 118 S.Ct. 2 (1997) (finding that petitioner's due process rights were not violated by his state habeas counsel's failure to raise constitutional issues when those issues were "fully reviewed" on direct appeal).

13

Finally, petitioner claims that the state habeas court deprived him of due process in denying him further fact-finding procedures and refusing to order a habeas transcript. Petitioner apparently never told the state habeas court specifically what fact-finding he would have liked.[4] The court cannot say that the state habeas court denied the petitioner due process by failing to provide procedures petitioner never specifically requested. Petitioner has also failed to show that he had any due process right to be provided a habeas transcript at state expense. Cf. Willis v. Zant, 720 F.2d 1212, 1215 n.5, 1215 (11th Cir. 1983) (rejecting, as "stat[ing] no constitutional issue," claim that petitioner was denied due process in state habeas proceedings where state "failed to provide him financial assistance to obtain the evidence necessary to prove his constitutional claims and failed to transcribe, for his use, several thousand pages of pretrial proceedings.")

Petitioner's fifth ground for habeas relief is that he has been subjected to multiple punishments for the same offense. That claim was discussed above; it is without merit.

The sixth ground for habeas relief is that the indictments charging petitioner with aggravated felonious sexual assault were

---

[4]No request for fact-finding is contained in petitioner's state habeas petition. In a Motion to Compel Answer from Respondent's on [petitioner's state] Writ of Habeas Corpus, petitioner moved the court in very general terms to grant "[f]urther fact finding procedures (ie) depositions, discoveries, investigative services and alike." He did not indicate, however, whose deposition he wanted to take or what facts he wanted to discover or have found.

duplicative, because each indictment charged three different ways of committing the offense.  This claim was rejected on an independent and adequate state ground, as the New Hampshire Supreme Court determined that it had not been preserved for appellate review.  Petitioner cannot show cause and prejudice because the claim is, in any event, meritless.  The claim was rejected on the merits in the trial court's order on post trial motions where it found "that the indictments only charge [the petitioner] with aggravated felonious sexual assault by threat of usage of physical violence, in violation of [N.H. Rev. State. Ann. §] 632-A:2, III."  This determination of a factual issue is presumed to be correct, and petitioner has failed to rebut that presumption by clear and convincing evidence.  See 28 U.S.C.A. § 2254(e)(1) (West Supp. 1998).

Petitioner's seventh and final assertion is that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated by the New Hampshire Superior Court Sentence Review Division. Petitioner applied for review of his sentence by the state Sentence Review Division, pursuant to N.H. Rev. Stat. Ann. § 651:58 (1996).  The Sentence Review Division affirmed petitioner's sentence in a written decision, dated December 15, 1995.  The written order reiterated the original sentences but omitted the statement that they were to run consecutively to the sentence petitioner was then serving for an unrelated crime. Petitioner filed a motion to clarify the Review Division's order, arguing that he understood it to mean his new sentences were to

15

run concurrently with the unrelated one. The Sentence Review Division then amended its decision to state unequivocally, as did the original sentences, that they were to run consecutively to the one petitioner was currently serving. Petitioner filed a petition for writ of certiorari to the New Hampshire Supreme Court to review the decision, which was denied.

Petitioner argues that the original decision of the Sentence Review Division modified his sentences to run concurrently with the unrelated sentence, and that in its amended decision the Division then increased the sentence without his personal appearance in violation of New Hampshire Superior Court Sentence Review Decision Rule 17. Petitioner also argues that the Sentence Review Division exceeded its authority. Petitioner fails to say, however, how the Sentence Review Division's alleged violation of state law and state court rules violated his federal constitutional rights. "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).

Although not separately asserted as a ground for relief, petitioner also argues that in the period prior to trial he was heavily medicated with narcotics while being treated for a broken leg. Petitioner seeks to bolster his claim that trial counsel was constitutionally ineffective by arguing that he did not obtain a knowing waiver of petitioner's speedy trial rights, did not obtain a knowing and voluntary stipulation that petitioner had intercourse with the victim, and, in connection with trial

16

counsel's alleged failure to inform petitioner of the state's intention to seek an enhanced sentence, did not obtain a knowing decision to reject the state's offer of a plea agreement. Petitioner attached as an exhibit to his Declaration and Memorandum in Support of his Objection to the Respondent's Motion for Summary Judgment copies of his medical records, which respondents have moved to strike. Since, as discussed above, petitioner has not shown that he suffered any prejudice from trial counsel's alleged deficiencies, his medical records are irrelevant. Therefore, respondents' motion to strike is granted.

## Conclusion

For the foregoing reasons, respondents' motion to strike exhibit (document no. 22) and motion for summary judgment (document no. 18) are granted and petitioner's petition for writ of habeas corpus is dismissed with prejudice.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 28, 1999

cc:  Patrick Morehouse
     Malinda R. Lawrence, Esq.